**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gil Eberto GONZALES–HERNANDEZ,**
**Defendant–Appellant.**

No. 01–10384.
D.C. No. CR–00–00887–JAT.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Gil Eberto Gonzales–Hernandez appeals the 84–month sentence imposed after his conviction for unlawful re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gonzales–Hernandez contends the district court erred at trial by admitting a warrant for removal or deportation into evidence under Federal Rule of Evidence 803(6). Specifically, he argues the government failed to provide the necessary foundation for the warrant's admission. We review the admission of evidence under an exception to the hearsay rule for abuse of discretion, *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217 (9th Cir. 2001), and find none.

Warrants for deportation are generally admissible under Rule 803(8), not 803(6). *United States v. Loyola–Dominguez,* 125 F.3d 1315, 1317–18 (9th Cir.1997). However, if a district court admitted evidence that would have been properly admitted otherwise, "no reversible error occurr[ed] simply because the party offering the evidence fail[ed] to advise the court of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

---

correct basis for its admission." *See id.* at 1318.

Because warrants of deportation are public records within the meaning of Rule 803(8), the district court did not abuse its discretion in admitting the record into evidence.

AFFIRMED.